MAY TERM, 1838.

Dorsey v. Hagard, use of Wathen.

on its face the interest of the wife; and therefore a count, stating that husband and wife were possessed as of their own goods, and that defendant detained them, &c. is bad.

---

DORSEY v. HAGARD, USE OF WATHEN.

In an action on a note, purporting on its face to be given for a certain consideration, where defendant proved a failure of such consideration, plaintiff may by parol proof show that the note was not given for the consideration expressed on its face, but for another and different consideration.

Cole, counsel for plaintiff in error:

The question presented for the consideration of this court is, did the circuit court err in this proceeding; and

In the judgment given for plaintiff? On the affirmative side of this issue, on the part of defendant, we say that the circuit court did err, for the following reasons: First, the note in suit was given in consideration of a security debt, and it is proved that that debt was paid; and the court erred in receiving parol evidence to prove a different consideration than that expressed in the note itself. In the second place, from the plaintiff's own evidence, the note in suit is not his contract. It is, therefore, a *nudum pactum* as to him, and to every other person, for if he cannot recover, (there being no legal or equitable interest in him,) then no use can arise therefrom to any one else. If the plaintiff cannot recover for himself, he cannot recover for another, for to sue to the use of another, is nothing more nor less than giving authority upon record to the *cestui que use*, to control the proceeds of the suit when recovered. It is true, the person to whose use the action is brought, is responsible for costs, but nevertheless, this does not alter the law that requires the plaintiff in an action to show that his legal right has been affected by defendant—1 Chit. Plead. 1.

MAY TERM, 1838.

Dorsey v. Hagard, use of Wathen.

EDWARDS, Judge, delivered the opinion of the court.

This was an appeal from a justice of the peace to the circuit court of Perry county. In the circuit court, Wathen had judgment for fifteen dollars debt, two dollars and forty cents damages and costs. Dorsey moved for a new trial, and the court overruled the motion, and Dorsey brings the case here by writ of error. On the trial in the circuit court, the plaintiff gave in evidence the following note:

"I promise to pay Austin Hagard $15, the amount I am bound for as security for J. Wathen. November 29, 1834.                               R. S. DORSEY."

The defendant then offered in evidence the following note:

"On the 20th day of October next, I promise to pay Mr. Jeremiah Wharton or bearer, fifteen dollars and twenty-five —— for value received. January 5th, 1833. John Conner, Daniel Omara, R. S. Dorsey. Witness: William A. Keyte."

On this note was the following endorsement:

"March 1st, 1837. For value received, I do assign unto R. S. Dorsey a note for 15 dollars and 25 cents, due from John O'Conner to J. Warthen & R. S. Dorsey and myself as security. Dan'l O'Meara."

MAY TERM,
1838.

The defendant then proved by Hagard, the plaintiff in this action, that he never saw the note sued on till the day before he appeared in this cause; that he never authorized the taking of the note or the institution of the suit, and that the defendant did not at the time the note was given, nor at the time of the trial, owe him one cent. Wathen, to whose use the action was brought, then proved that the defendant bought of Wathen an improvement upon public land, and that the note sued upon in this action, was given in part consideration of that improvement.

The error assigned is, that the court gave judgment for the said Austin Hagard, to the use, &c. when, by the law of the land, the judgment ought to have been given for the said Richard S. Dorsey, against the said Austin Hagard.

In an action on a note, purporting on its face to be given for a certain consideration, where def. proved a failure of such consideration, pltf. may by parol proof show that the note was not given for the consideration expressed on its face, but for another and different consideration.

This action is founded on a note, and the defendant attempts to show a failure of consideration. The plaintiff proves a different consideration by parol evidence. Upon the whole, it does not appear that the judgment of the circuit court was improperly rendered, and unless it was clearly erroneous, it would be wrong to disturb it. The judgment of the circuit court ought therefore to be affirmed, and the other judges concurring, it is affirmed.